IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Fontel Williams, #332082,       )
                           ) CIVIL ACTION NO. 9:10-2349-CMC-BM
          Plaintiff,       )
                           )
v.                        )
                           ) **REPORT AND RECOMMENDATION**
Robin Chavis, South Carolina    )
Department of Corrections,      )
                           )
          Defendant.     )
_____)

         This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendant.

         The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 7, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 8, 2011, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion on March 7, 2011.

         In an Order filed March 16, 2011, the Defendant was instructed to submit an amended affidavit addressing a grievance (No. 1040-10) that had been attached by the Plaintiff as an exhibit



to his Complaint. Defendant filed the amended affidavit on March 22, 2011, and Plaintiff filed his

reply on March 25, 2011. Defendant's motion is now before the Court for disposition.[1]

### Background and Evidence

Plaintiff alleges in his verified Complaint[2] as follows:

> On the date of 5-12-10  6-24-10  and 6-29-10 I wrote the Defendant Robin
> Chavis complaining about my safety and the Defendant Robin Chavis did not treat
> this matter with both concerns nor did Robin Chavis treat this matter serious Robin
> Chavis did violate my constitutional rights by not moving me from the instutional that
> I is still confine at :  Defendant Robin Chavis did have knowlege of her wrong doing
> and still refuse to act according to South Carolina Dept of Corrections policy which
> she also fail to answer my request in a timely manner which is a violation of my due
> process rights and once again a rule and policy violation set by South Carolina Dept
> of Corrections I Plaintiff is sending in requests with my complaint to prove my case:

Plaintiff has attached to his Complaint a copy of a Request to Staff Member addressed to the

Defendant dated June 24, 2010, in which he requests a transfer to a "safer place"; a handwritten note

to a "case worker Maddox" dated June 9, 2010 asking for a meeting, with a response stating "at this

time you need to remain in your current assigned cell"; a copy of a Step 1 Grievance Form (No. 1040-

10) dated June 17, 2010 wherein Plaintiff is asking to be "move off SMU" (response to grievance

dated 6-21-10); and a copy of an unsigned Request to Staff form dated September 3, 2010 addressed

to the Defendant and complaining that his life is in danger. Plaintiff seeks monetary damages, and

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As
this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and
may, standing alone, defeat a motion for summary judgment when the allegations contained therein
are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff
has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set
forth in the verified Complaint in issuing a recommendation in this case.



a transfer from the Evans Correctional Institution, where he is housed.  See generally, Verified Complaint with attached exhibits.

Plaintiff filed an "Answer" on December 3, 2010, again demanding a transfer, and filed a document styled "Order", to which he attached a copy of a Step 1 Grievance (ECI-1740-10) dated October 11, 2010, in which he complains that Chavis appeared at his cell on October 6, 2010 to complain about the lawsuit Plaintiff had filed against her.  Plaintiff complains that this incident is further reason why he should be moved to a different institution.  See Court Docket No. 12-1.

In support of summary judgment in the case, the Defendant has submitted an affidavit from James Simmons, who attests that he is an Inmate Grievance Administrator with the South Carolina Department of Corrections.  Simmons attests that his duties include the oversight, review, and processing of grievances from inmates housed at the Evans Correctional Institution.  Simmons attests that with respect to the allegations of Plaintiff's Complaint, Plaintiff filed a Step 1 Grievance (No. 1421-10) on August 19, 2010 alleging that the Defendant, the Associate Warden at the Institution, was not responding to a request from the Plaintiff to provide him with safety precautions. Simmons attests that Plaintiff received a response to this grievance on August 31, 2010, and never filed a Step 2 grievance.[3]  Simmons further attests that Plaintiff filed another grievance (No. 1740-10) on October 11, 2010, alleging that the Defendant had threatened him because he had filed a lawsuit

---

[3]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances  must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step One), the inmate may then appeal the Warden's decision by filing a Step Two appeal with the Division Director of Operations.  See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No.  08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No.  05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr.  18, 2006).



against her.  Simmons attests that Plaintiff received a response to this grievance on January 6, 2011, and did not file a Step 2 grievance.

In his amended affidavit, Simmons attests that with respect to Grievance No. 1040-10 (a copy of which was attached by Plaintiff to his Complaint), this grievance was filed by Plaintiff on June 17, 2010, asserting that a case worker (apparently Maddox) was not paying sufficient attention to what Plaintiff was trying to "tell'em".  Simmons attests that Plaintiff received a response to this grievance on June 28, 2010 (signature dated June 21, 2010) from "Ms. Redferm-Miller", which stated that the IGC "cannot act upon vague claims of staff misconduct or implied problems . . . . your complaint is too general and provides no information for corrective action if needed." See also Plaintiff's Exhibit (Step 1 Grievance).  Simmons attests that Plaintiff never resubmitted Grievance No. 1040-10, nor did he appeal the decision by filing a Step 2 grievance.  See generally, Simmons Affidavit.  See also, Plaintiff's Exhibit [Grievance No. 1040-10].

In his response to the Defendant's motion for summary judgment, Plaintiff argues that he made an attempt to exhaust his administrative remedies but that Warden Eagleton denied him relief, citing to Grievance No. 1740-10.  Plaintiff attached a copy of his Step 1 Grievance form for Grievance No. 1740-10 to his response.  This grievance is dated by the Plaintiff October 11, 2010, marked "received" on October 30, 2010, with a response date of January 6, 2011.  Plaintiff has also submitted copies of several Request to Staff Member forms from July and August 2010.

In his supplemental response filed March 25, 2011, Plaintiff argues that he should not be held responsible for not making an attempt to proceed with Grievance No. 1040-10, and further complains that in any event that grievance should have been forwarded to Internal Affairs.  Plaintiff has also attached a copy of an Incident Report dated March 11, 2011, wherein Plaintiff and another

4



inmate were charged with evading a security device. <u>See</u> Exhibit [Incident Report].

## <u>Discussion</u>

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. <u>Baber v. Hosp. Corp. of Am.</u>, 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence submitted in this case, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

Defendant argues in her motion, <u>inter alia</u>, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As a result



of the enactment of this statute, "Congress has mandated exhaustion . . . regardless of the relief offered through administrative procedures." <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>see Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>Larkin v. Galloway</u>, 266 F.3d 718  (7th Cir.  2001) [exhaustion required even though plaintiff claimed he was afraid]; <u>see also</u> <u>Claybrooks v. Newsome</u>, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying <u>Booth v. Churner</u> to affirm district court's denial of relief to plaintiff].  Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies.  <u>See</u> <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; <u>Jones v. Bock</u>, 549 U.S. 199 (2007).  To support such a finding in this case, the Defendant has submitted Simmons' affidavits attesting to the status of Plaintiff's grievances and the fact that he failed to exhaust his grievance remedies prior to filing this lawsuit.  The evidence before the Court further shows that Plaintiff himself concedes in his verified Complaint that he filed a grievance concerning the claim made in his Complaint on August 17, 2010 [No. 1421-10],[4] and that he had not received a final agency/departmental/institutional answer or determination concerning the matter prior to filing his Complaint, which is dated only six (6) days later (August 23, 2010).  <u>See</u> Verified Complaint, Section II.  Simmons attests in his affidavit that

---

[4]Simmons gives the filing date as August 19, 2010.  <u>See</u> Simmons Affidavit.  The grievances provided to the Court reflect different signing and filing dates of a few days, which may account for this discrepancy.



Plaintiff also never *completed* the grievance process for this grievance, even *after* the filing of his Complaint, while it is readily apparent that Grievance No. 1740-10 (the status of which was addressed by Simmons in his affidavit, as well by Plaintiff in his response, with a copy of this Step 1 Grievance being attached to his response) was not filed until after Plaintiff had already filed this lawsuit. Hence, even if Plaintiff had fully completed the grievance process with respect to either of these two grievances (of which there is no evidence), that would still not allow him to proceed with this lawsuit. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

        With respect to Grievance No. 1040-10,[5] Simmons attests that this grievance was also not exhausted, and Plaintiff does not dispute this representation. Rather, Plaintiff argues in his supplemental response that he should not be required to have exhausted this grievance because it was originally returned unprocessed. This is essentially a futility argument, which is not a sufficient ground on which to afford Plaintiff relief. Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]. Plaintiff could have proceeded with a Step 2 appeal of this decision, or he could have addressed the stated deficiency by filing a grievance which

---

[5] Since that grievance was not directed to and did not name the Defendant Chavis, and did not clearly reference the claim asserted in this lawsuit, it was not originally discussed by Simmons in his affidavit. Indeed, as noted, Plaintiff himself states in his verified Complaint that the grievance he filed with respect to the claim made in his lawsuit was his grievance dated August 17, 2010 (Grievance No. 1421-10). See Verified Complaint, Section II. However, since Plaintiff attached a copy of Grievance No. 1040-10 to his Complaint, the undersigned directed the Defendant to address this grievance in an amended affidavit.



specifically set forth the claim he was intending to make (which in fact he did, on August 17, 2010).

Plaintiff is not entitled to proceed with this lawsuit just because he chose *not* to pursue and complete

the administrative remedies to which he was entitled, and which were readily available to him

through the SCDC grievance process, prior to filing this lawsuit.  Jones, supra; Nyhuis v. Reno, 204

F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court-or any other to excuse compliance

with the exhaustion requirement, whether on the ground of futility, inadequacy or any other

basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); see

also Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not

exhausted where inmate did not appeal denial].[6]

        In sum, Plaintiff has provided no evidence to dispute the Defendant's evidence

showing his failure to exhaust his administrative remedies, and indeed concedes in his verified

Complaint that he had not received a response to the grievance he had filed concerning this matter

prior to filing this lawsuit.  This evidence entitles the Defendant to summary judgment in this case.

Porter, 534 U.S. at 524 [exhaustion required for all actions brought with respect to prison conditions];

Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate

administrative remedy is available to determine a question of fact, one must purse the administrative

remedy or be precluded from seeking relief in the courts"]; Harvey v. City of Philadelphia, 253

F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have

---

       [6]With respect to the copies of Inmate Request forms that Plaintiff has attached to his filings, these documents also do not provide evidence of exhaustion of administrative remedies.  Cf. Davis v. Minthoin, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006)[submission of inmate request form not sufficient to exhaust grievance remedy]; see also McNair v. Jones, 2002 WL 31082948, at * 7-8 (S.D.N.Y. Sept. 18, 2008)[Verbal complaints do not satisfy the exhaustion requirement].



exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; see also Jacobs v. Pennsylvania Dep't of Corrections, 148 Fed. Appx. 107 at * * 2 (3d Cir. 2005)[Case was dismissed for failure to exhaust where although Plaintiff alleged that he had documents to show exhaustion, he never filed the documents and made no other attempt to support his bare assertion].

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 29, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**


The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

